UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:10-cv-61458- FAM

BRADLEY R. KARNS,

    Plaintiff,

v.

FMS INVESTMENT CORP. D/B/A
FINANCIAL MANAGEMENT SYSTEMS,

    Defendant.
_____/

**DEFENDANT, FINANCIAL MANAGEMENT SYSTEMS',
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, FMS Investment Corp. d/b/a Financial Management Systems, ("FMS"), by and through the undersigned counsel, hereby submits this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

1. FMS admits that Plaintiff purports to bring an action for damages for FMS' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Florida Consumer Collection Practices Act, § 559, Florida Statutes ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). FMS denies any and all liability and damages, and to the extent the allegations contained in ¶ 1 of Plaintiff's Complaint state otherwise, they are denied.

**JURISDICTON AND VENUE**

2. FMS leaves all matters of jurisdiction and venue to the Court; therefore, FMS denies the allegations contained in ¶ 2 of Plaintiff's Complaint.

**PARTIES**

3. FMS denies the allegations contained in ¶ 3 of Plaintiff's Complaint for lack of information and knowledge to form a reasonable belief therein.

4. FMS admits that it is a professional corporation with its principal place of business located in the State of Illinois; otherwise, FMS denies the allegations contained in ¶ 4 of Plaintiff's Complaint.

5. FMS admits that it regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts as alleged in ¶ 5 of Plaintiff's Complaint. FMS denies any and all liability and damages, and to the extent the allegations contained in ¶ 5 of Plaintiff's Complaint state otherwise, they are denied.

6. FMS admits that it regularly collects or attempts to collect debts for other parties as alleged in ¶ 6 of Plaintiff's Complaint. FMS denies any and all liability and damages, and to the extent the allegations contained in ¶ 6 of Plaintiff's Complaint state otherwise, they are denied.

7. FMS admits that when it collects debt per 15 U.S.C. 1692 it is a debt collector; otherwise, FMS denies the allegations contained in ¶ 7 of Plaintiff's Complaint in that it calls for a legal conclusion.

8. FMS admits the allegations contained in ¶ 8 of Plaintiff's Complaint.

**FACTUAL ALLEGATIONS**

9. FMS admits that the account was placed with it by Washington Mutual for a Creditmax Bankcard; otherwise, FMS denies the allegations contained in ¶ 9 of Plaintiff's Complaint for lack of information and knowledge to form a reasonable belief therein.

10. The actual messages left for the plaintiff are the best evidence of their contents. Except as admitted, FMS denies the allegations contained in ¶ 10 of Plaintiff's Complaint.

11. The actual messages are the best evidence of their contents. Except as admitted, FMS denies the allegations contained in ¶ 11 of Plaintiff's Complaint.

12. FMS denies the allegations contained in ¶ 12 of Plaintiff's Complaint for lack of information and knowledge to form a reasonable belief therein and as it calls for a legal conclusion.

13. FMS denies the allegations contained in ¶ 13 of Plaintiff's Complaint for lack of information and knowledge to form a reasonable belief therein.

14. FMS denies the allegations contained in ¶ 14 of Plaintiff's Complaint.

15. FMS denies the allegations contained in ¶ 15 of Plaintiff's Complaint.

16. FMS admits the allegations contained in ¶ 16 of Plaintiff's Complaint.

17. FMS denies the allegations contained in ¶ 17 of Plaintiff's Complaint.

### COUNT I
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18. FMS reasserts the foregoing as if fully incorporated herein.

19. FMS denies the allegations contained in ¶ 19 of Plaintiff's Complaint.

### COUNT II
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20. FMS reasserts the foregoing as if fully incorporated herein.

21. FMS denies the allegations contained in ¶ 21 of Plaintiff's Complaint.

**COUNT III**
**TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING**

22. FMS reasserts the foregoing as if fully incorporated herein.

23. FMS denies the allegations contained in ¶ 23 of Plaintiff's Complaint.

**COUNT IV**
**TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED**
**CALLS TO A CELLULAR TELEPHONE**

24. FMS reasserts the foregoing as if fully incorporated herein.

25. FMS denies the allegations contained in ¶ 25 of Plaintiff's Complaint.

**COUNT V**
**ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

26. FMS reasserts the foregoing as if fully incorporated herein.

27. FMS denies the allegations contained in ¶ 27 of Plaintiff's Complaint.

**COUNT VI**
**HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER**
**COLLECTION PRACTICES ACT**

28. FMS reasserts the foregoing as if fully incorporated herein.

29. FMS denies the allegations contained in ¶ 29 of Plaintiff's Complaint.

30. The statute speaks for itself and is the best evidence of its content. FMS denies any and all liability and damages, and to the extent that e allegations contained in ¶ 30 of Plaintiff's Complaint state otherwise, they are denied.

**COUNT VII**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

31. FMS reasserts the foregoing as if fully incorporated herein.

32. FMS denies the allegations contained in ¶ 32 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES BY FMS**

1. Plaintiff has not stated a claim upon which relief may be granted.

2. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. FMS denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of FMS' purported violations.

4. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5. Assuming that Plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

6. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than FMS and were beyond the control or supervision of FMS or for whom FMS was and is not responsible or liable.

7. This Court has no subject matter jurisdiction over the TCPA claim.

8. Plaintiff consented to being called at the phone number(s) at issue.

9. One or more of the calls at issue were not made by an automated dialer.

10. Telephone calls made by FMS are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C. § 227(b)(2)(B) & 47 C.F.R. § 64.1200(a).

11. The Hobbs Act, 28 U.S.C. § 2342, bars this Court from overruling the FCC Orders, which exempt from the TCPA calls that do not contain an advertising or solicitation component (i.e. debt collection calls).

12. Plaintiff knew who was calling and why; therefore any failure of the FMS representative to make a full disclosure is immaterial.

WHEREFORE, Defendant, Financial Management Systems, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

DATED this 8th day of September 2010.

> Respectfully Submitted,
>
> /s/Kenneth C. Grace
> Kenneth C. Grace, Esq.
> Florida Bar No.: 0658464
> Dayle M. Van Hoose, Esq.
> Florida Bar No.: 016277
> SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
> 9009 Corporate Lake Drive, Suite 300-S
> Tampa, Florida  33634
> Telephone No.: (813) 890-2465
> Facsimile No.: (813) 889-9757
> kgrace@sessions-law.biz
> dvanhoose@sessions-law.biz
>
> Counsel for FMS Investment Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September 2010, a true and correct copy of the foregoing Answer and Affirmative Defenses was electronically filed in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

> Donald A. Yarbrough, Esq.
> Post Office Box 11842
> Ft. Lauderdale, FL  33339

> /s/Kenneth C. Grace
> Kenneth C. Grace, Esq.

\\sfnfs02\prolawdocs\9385\9385-26363\Karns, Bradley R\181145.doc